UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 4:95-CR-0296-001 |
| | : | |
| v. | : | (McClure, J.) |
| | : | |
| HIPOLITO NELSON HERNANDEZ | : | |

**O R D E R**

March 9, 2006

**BACKGROUND:**

Hipolito Nelson Hernandez is an inmate currently housed at the Federal

Correctional Institution in Fort Dix, New Jersey.  In 1996, Hernandez was

sentenced to 170 months imprisonment as a result of his involvement in a drug

conspiracy.  On or about August 11, 2005, the court received a letter from

Hernandez, requesting the return of property seized during or after his arrest which

he claims was not subject to forfeiture.  Namely, Hernandez requests the return of

his: (1) passport; (2) residence card; (3) social security card; (4) wallet containing

documents and photographs; (5) two gold rings; (6) gold chain; and (7) $350 in

United States currency.  (Rec. Doc. No. 429.)  We construed Hernandez's letter as

a motion for return of property pursuant to Federal Rule of Criminal Procedure

41(g).[1]

---

[1]We recognize that we are to treat this action as a civil proceeding for

The government's response, filed on October 18, 2005, included the declaration of DEA Agent Robert K. Jud and various DEA documents pertaining to the arrest of Hernandez and seizure of his personal property.  Agent Jud averred that "the items sought by Hernandez in his motion for return of property were either forfeited, destroyed, or were never seized by the agents on November 15, 1995."  (Decl. of Robert K. Jud, Rec. Doc. No. 433-2, at ¶ 6.)  Also attached to the government's response was a form titled "Disposition of Non-Drug Evidence," which indicated that various personal papers of Hernandez were destroyed on April 23, 1997.  (Rec. Doc. No. 433-5.)  The court thereafter entered an order on October 19, 2005, denying Hernandez's motion for return of property.

On November 7, 2005, Hernandez filed a motion for reconsideration indicating that had he been given the opportunity to traverse the government's response, he would have been able to refute the government's assertions regarding the claimed personal property.

We granted the motion for reconsideration and provided Hernandez thirty days from the date of the order within which to file a traverse to the government's response to his motion.

---

equitable relief.  See, e.g., United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999) (citations omitted).

On December 12, 2005, Hernandez filed a traverse.  The government filed its response on February 13, 2006, and attached the declaration of Deputy United States Marshal B.J. Flater.  Flater has conducted an investigation into this matter, by reviewing Hernandez's file and contacting officials at the prisons where Hernandez was housed throughout his criminal case.   (Decl. of B.J. Flater, Rec. Doc. No 442, at ¶ 2.)  Flater avers that Hernandez spent time in Luzerne, Snyder, and Lackawanna County Prisons before his transfer to the Federal Correctional Institution at Fairton, New Jersey.  Flater reports that none of the county prisons retains any property belonging to Hernandez.

The government argues that because the items sought by Hernandez are no longer available for return, the motion for return of property should be denied.  We find that the government no longer retains the property seized at the time of Hernandez's arrest, because it was destroyed.  As the Third Circuit decision in United States v. Bein, 214 F.3d 408 (3d Cir. 2000), prohibits the award of monetary damages on a Rule 41(g) motion, Hernandez is without a remedy and we accordingly deny the motion.  We further find that if Hernandez wishes to pursue his claim regarding the items he allegedly surrendered upon his admission to Luzerne County Prison, he must file a new civil action under the Federal Tort Claims Act.

3

**ANALYSIS:**

"Property seized by the government as part of a criminal investigation 'must be returned once criminal proceedings have concluded, unless it is contraband or subject to forfeiture." United States v. Albinson, 356 F.3d 278, 280 (3d Cir. 2004) (quoting United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999)).  A person aggrieved by the deprivation of property may file a motion under Rule 41(g) to request its return.  See Fed. R. Crim. Pro. 41(g); Bein, 214 F.3d at 411.  The government bears the evidentiary burden when a motion for return of property is made after the termination of criminal proceedings.  Chambers, 192 F.3d at 377.  "At that point, the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property."  Id. (citations omitted).

In this case, the government argues that Hernandez's motion for return of property should be denied because the claimed property, if it ever existed, is no longer available for return.  The Third Circuit has ruled that "a motion for return of property is not rendered moot merely because the government no longer possesses the seized property."  Id.

If, in response to a Rule 41(g) motion, the government asserts that it no longer has the property sought, Chambers dictates a two-part inquiry.  First, we

4

"must determine, in fact, whether the government retains possession of the property." Id. at 378. Second, if we find that the government no longer possesses the property, we "must determine what happened to the property." Id.

Rule 41(g) directs a district court to "receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. Pro. 41(g). Although an evidentiary hearing may be helpful in making the Chambers determinations, "a district court need not necessarily conduct an evidentiary hearing on every Rule 41(g) motion." Albinson, 356 F.3d at 281. "The government cannot defeat a properly filed motion for return of property merely by stating that it has destroyed the property or given the property to third parties." Chambers, 192 F.3d at 377. Evidence other than testimony, including, for example, "affidavits or documentary evidence, such as chain of custody records, may be sufficient" for the court to render a decision. Id. at 282.

Here, the government has provided the declarations of DEA Agent Robert K. Jud and United States Marshal B.J. Flater, as well as documentary evidence from DEA files and various prisons. The DEA records and declaration of Agent Jud indicate that Hernandez's Dominican Republic passports, bank books, wallet, and accompanying identification cards and papers were seized pursuant to a search warrant executed on November 15, 1995. (See Rec. Doc. No. 442, Ex. 2, at 1, 3.)

These items were ultimately destroyed on April 23, 1997.  (Id.)  On the basis of this evidence, we conclude that (1) the government no longer retains items one through four of Hernandez's request, and (2) that the government destroyed the items.

No explanation is given as to why these various personal papers and documents were destroyed by the DEA instead of returned to Hernandez.  Part II of the DEA form documenting the items' destruction, which would indicate that "The foregoing exhibits have undergone abandonment proceedings and may be disposed of in accordance with 41 C.F.R. 128," is unsigned.  While this arbitrary and unexplained destruction of important personal documents including passports and bank books appears improper, Hernandez is without a remedy.  The Third Circuit has held that "sovereign immunity bars a claim against the Government seeking money damages under Rule 41[g]," Bein, 214 F.3d at 410, and we discern no other remedy for this loss.  We are left with no option but to deny the motion.[2]

_____

[2]We note that in his response to the government's filing of February 13, 2006, Hernandez states: "If the government can not produce the requested property in its entirety then Petitioner would settle for the return of all 5 Bank Books and will no longer further pursue this claim."  (Rec. Doc. No. 443, at 4.)  Unfortunately for Hernandez, the government inexplicably destroyed this property on April 23,

Hernandez also requests the return of two rings, a gold chain, and about $350 cash he claims was in his pocket at the time of his arrest.  Hernandez claims that the jewelry was "taken off his fingers and neck upon arriving at the first county jail in Scraton [sic] Pennsylvania by the Jail Officials."  (Rec. Doc. No. 437, at 2.)  Even if we assume that Hernandez did possess these items at the time of his admission to Luzerne County Prison, Federal Rule of Criminal Procedure 41(g) is not the proper vehicle to request their return.  Rule 41(g) relates to "Search and Seizure," and not property lost during intake at and transit between prisons.

A federal prisoner claiming that prison personnel negligently lost his property states a cause of action under the Federal Tort Claims Act ("FTCA"), governed by the procedure found at 28 U.S.C. § 2671 et seq.  Fayerweather v. Bell, 447 F. Supp. 913, 915-17 (M.D. Pa. 1978) (Herman, J.).  The FTCA permits litigation against the United States "for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b).

Hernandez's claim for the loss of property surrendered upon admission to Luzerne County Prison may only be vindicated in an action under the Federal Tort Claims Act.  Should he wish to pursue the matter, Hernandez must file a new civil

_____

1997.

7

action within the framework of the FTCA.[3]

## CONCLUSION:

Hernandez's motion for return of property will be denied.  Although the government destroyed items one through four requested by Hernandez, no remedy is available.  The remaining items sought by Hernandez are not the proper subject of a motion under Rule 41(g).  Should he wish to pursue his claim for the items surrendered at Luzerne County Prison, Hernandez must initiate a new civil action under the Federal Tort Claims Act.

## NOW, THEREFORE, IT IS ORDERED THAT:

---

[3]"In order to file an action under the FTCA, a claimant must have first presented an administrative claim with the appropriate federal agency, 28 U.S.C. § 2675(a), and that claim must be filed within two years after the tort occurred, 28 U.S.C. § 2401(b)." United States v. Chambers, 92 F. Supp. 2d 396, 402 (D.N.J. 2000) (Politan, J.).  We note that the statute of limitations and mandatory exhaustion of administrative remedies provisions of the FTCA may pose a problem for Hernandez in the pursuit of his claim.  As no party has addressed the matter, we express no opinion as to the merit of Hernandez's potential action under the FTCA.

8

Hernandez's motion for return of personal property is denied.  (Rec. Doc.

No. 429.)

<div style="margin-left: 50%;">

s/James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

</div>